Argued April 1, modified April 29, 1924.

## J. T. SULLIVAN v. P. WELCH AND ROGUE RIVER VALLEY CANAL CO.

### (225 Pac. 189.)

**Corporations—General Manager Bound by His Verified Statement of Condition.**

1. A general manager of a corporation, who had supervision of its affairs, was bound to render a proper and true statement of his transactions, and was bound by a verified and itemized statement furnished to it on its demand, in accordance with Section 84, Or. L.

**Corporations—Evidence in Action by Manager for Compensation Held to Show Corporation's Right to Credit.**

2. In action to recover compensation as general manager of defendant corporation, evidence *held* to show that automobile furnished defendant by plaintiff had been paid for, and that trial court should have credited to the defendant a $1,000 check which the trial court assumed offset the automobile.

From Jackson: F. M. CALKINS, Judge.

Department 1.

This is an action at law instituted by the plaintiff, who is respondent here, against the defendants for salary and moneys advanced. The plaintiff was employed by the defendant corporation as its general manager. The action was for a balance, claimed by the plaintiff to be due from the defendants, amounting to $2,539.26. The court found for the plaintiff in the sum of $1,522.36, and rendered judgment for that amount against the defendant corporation only. The defendant corporation concedes that the findings of the court are conclusive on the appeal excepting as to one item, to wit, $1,000, in support of which it contends there is no evidence.          MODIFIED.

For appellant there was a brief and oral argument by *Mr. Porter J. Neff.*

For respondent there was a brief over the names of *Mr. W. C. Winslow, Mr. V. A. Goode* and *Mr. A. E. Reames,* with an oral argument by *Mr. Winslow.*

COSHOW, J.—1, 2. This appeal presents only one question. It is conceded that the plaintiff furnished to the defendant corporation an automobile at an agreed price of $750. Upon demand of the defendant corporation the plaintiff rendered a verified itemized statement as required by Section 84, Or. L. In this statement he credits himself with the amounts he advanced as expenses and debits himself for amounts received. Among other items in this statement is found the following:

"Debits.

"Checks on company account as per company's books (not including check for automobile * * )."

It is also conceded that the plaintiff received from the defendant corporation on February 8, 1916, the sum of $1,000, which is not entered upon plaintiff's itemized statement. The Circuit Court assumed that the said check for $1,000 simply offset the automobile. There is no evidence to support this assumption. The plaintiff did not claim that it did.

The excerpt from the verified itemized statement indicates that the plaintiff received a check for the automobile and, therefore, the automobile should not have entered into the case at all. That statement clearly implies that plaintiff had received a check for the automobile, and for that reason the check was not included in the amount of plaintiff's debits in his statement. This construction of the clause also explains the reason for not including the automobile among the credits. Plaintiff evidently intended, by

his sworn statement of items, to exclude the consideration of the automobile for he neither takes credit for the automobile nor debits himself with the check received for the automobile. Apart from that, however, the plaintiff testified, positively, that the check for $1,000, received by him and omitted from his itemized statement, was not for the automobile. Substantially, all the evidence referring to the $1,000 check is as follows:

"Q. Well, was there a check paid to you in February, or did you draw a check or have a check drawn in February, 1915, or sixteen just before you quit the company for a thousand dollars.

"A. Yes, sir.

"Q. Was that the check for automobile that is referred to here?

"A. No, sir.

"Q. That wasn't the check for automobile?

"A. No, sir.

"Q. Well, in your statement of account here you have not taken any credit to yourself for an automobile: how much credit are you entitled to for the automobile that you turned in?

"A. Why, I was supposed to turn that over to the company at cost price, and I got it at cost also on account of having been a dealer.

"Q. How much was that?

"A. Seven hundred and fifty dollars, as I remember now.

"Q. And then—

"A. (Continued.) The price—the selling price was nine hundred dollars.

"Q. But you turned it in to the company for $750, what you paid for it?

"A. Yes, sir.

"Q. And that should be on this as a credit, should it not, Mr. Sullivan?

"A. Well, I suppose I should be given credit for it, yes. I don't know.

"Q. And against that there should be a charge of $1,000 for this check which was drawn in February, 1916, is that right?

"A. Yes.

"Q. I think that is correct.

"A. As I remember, I think I drew after—along— in February, or some time thereabouts, I think I drew $1,350. That was a balance that was due me according to the company's statement at that time; or there was that and more for that matter." Transcript of Testimony, pp. 73 and 74.

"Q. We have here this item, 'Checks on company's account as per company's books, not including check for automobile.' Do you know what check he referred to?

"A. I don't know anything about what check he referred to for the automobile. That certainly wasn't that thousand dollars." Transcript of Testimony, p. 98.

The plaintiff, as general manager, had supervision of the defendant corporation's affairs. He is bound to render a proper and true statement of his transactions. He is bound by the verified and itemized statement furnished to the defendant corporation upon its demand in accordance with Section 84, Or. L. That the $1,000 check was not for the automobile is conclusive from plaintiff's own testimony. The $1,000 check is not included in the debits in the itemized statement. The defendant corporation is clearly entitled to a credit of $1,000.

The judgment of the Circuit Court should be modified by reducing the amount thereof from $1,522.36 to $522.36. The appellant will recover his costs in this court. The case is remanded to the Circuit Court with instructions to enter judgment in accordance with this opinion.          MODIFIED.

McBRIDE, C. J., and BURNETT and RAND, JJ., concur.